CHARLES A. HARRINGTON, RESPONDENT, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, APPELLANT.

*Contract to furnish materials — words " more or less" in — meaning of.*

On the 28th of October, 1873, the plaintiff entered into an agreement with the defendant, whereby he agreed to deliver "2,000 cubic yards of sand * * * *more or less*," the contract to be duly completed and performed on his part by October 1, 1874. In pursuance of requisitions duly made by defendant's engineer, all bearing date prior to October 1, 1874, materials were delivered thereunder largely in excess of the quantities therein specified. A portion of the materials were delivered after October 1, 1874, but no objection to the reception thereof was made by the defendant either on the ground of delay or as being in excess of the amounts prescribed in the contract.

In an action brought by the plaintiff to recover the contract-price of the materials delivered in pursuance of the contract, the defendant insisted that no recovery could be had for the materials furnished in excess of the quantities specified

in the contract. *Held*, that the quantities specified were estimates only, and could be increased by requisitions duly made by the defendant's officers, and that such requisition having been made, and materials delivered, in pursuance thereof, to and accepted by the defendant, it was liable for the price thereof.

Appeal from a judgment in favor of the plaintiff entered upon a verdict directed by the court.

This action was commenced to recover the sum of $5,380 for material furnished by plaintiff to defendant.

The complaint contains two causes of action : The first for material furnished the department of docks ; the second, for material furnished the department of public works. No question arises on the second cause of action.

It was not disputed that all the materials were furnished to, received and used by, the defendant, and were worth the prices charged. By the provisions of the contract the plaintiff agreed to furnish riprap, broken stone and sand, "quantities estimated as follows :

"2,000 cubic yards sand,  ⎫
"3,000 cubic yards broken stone, ⎬ more or less."
"5,000 cubic yards riprap,  ⎭

The contract was dated October 28, 1873, and contained an agreement on the part of the plaintiff that all the material called for should be furnished by him, and the contract completed on his part by the 1st day of October, 1874.

Prior to October 1, 1874, plaintiff had furnished and defendant had received more than the quantities above named. On September 29, 1874, requisitions were issued for materials, which were delivered after October first. Such materials were received and used by the department of docks without any objections on account of the delay. Defendant paid for all materials so furnished up to and including those furnished December 26, 1874, but refused to pay for those furnished after that date, on the ground that the quantities were in excess of, and consequently outside of, the contract, and also on the ground that, although ordered before, they were not delivered until after the period fixed for their delivery, viz., October 1, 1874.

*A. J. Requier*, for the appellant. It is well settled that the words "more or less," when contained in a contract of sale or deed,

simply import that the quantity is not restricted to the exact number or amount specified, but that the vendor or grantor is to be allowed a certain moderate and reasonable latitude in the performance, or for small errors of survey and variations of instruments. (Benjamin on Sales, 604, § 691; *Brady* v. *Henion*, 8 Bosw., 536, 537; *Cross* v. *Eglin*, 2 Barn. & Adol., 106; *Thomas* v. *Perry*, 1 Peters' C. C. R., 58; *Quesnel* v. *Woodlief*, 2 Hen. & Munf. [Va.], 173, *n*; *Gentry* v. *Hamilton*, 3 Ired. [N. C.], Eq., 376; *Hoffman* v. *Johnson*, 1 Bland [Md.], 109; *Cutts* v. *King*, 5 Me. [5 Greenl.], 482; *Blaney* v. *Rice*, 20 Pick., 63; *Phipps* v. *Tarpley*, 24 Miss., 599; *Sullivan* v. *Ferguson*, 40 Mo., 89; *Shipp* v. *Swan*, 2 Bibb. [Ky.], 82.) And that whether the quantity proved, under a written contract, is excessive or not, is a question of law for the court alone. (*Cabot* v. *Winslow*, 1 Allen, 546.) Such excessive deliveries not having been made under said contract, and there being no allegation or pretense of the same having been made under any other like one in form, and such form being indispensably essential to a recovery under section 91 of chapter 335 of the charter act of 1873 (Laws of 1873, p. 508), it necessarily resulted that no recovery could be had against the defendants on the first cause of action alleged. (*McDonald* v. *The Mayor*, 4 N. Y. S. C. [T. & C.], 178; *Donavan* v. *The Same*, 33 N. Y., 292; *Smith* v. *Same*, 10 id., 538.)

*Griggs & Signor*, for the respondent. The words "more or less" and "quantities estimated" show that only an estimate of the quantities was intended, and that the parties were not to be bound by the quantities named. (*Guillin* v. *Daniell*, 2 C., M. & R., 61; *McConnell* v. *Murphy*, 21 W. R., 609; *Cockerell* v. *Aucompte*, 2 C. B. [N. S.], 440; *Havemeyers* v. *Cunningham*, 35 Barb., 515.) For a review of cases where this expression has been used in transfers of real estate, see *Belknap* v. *Seeley* (14 N. Y., 144, 151). The defendant could, through its contracting officers, waive the provisions requiring plaintiff to deliver the material before October 1, 1874, and receive them afterward. (*People* v. *Village of Yonkers*, 39 Barb., 266.)

BRADY, J.:

The specifications forming a part of the contract between the parties hereto contained the following statement:

" Quantities *estimated* are as follows : 2,000 cubic yards of sand ; 3,000 cubic yards of broken stone, for concrete ; 5,000 cubic yards of riprap stone, for foundation, *more or less*." By the contract, the plaintiff was to furnish " all the sand and broken stone, of the quality and quantity, in the manner and under the conditions specified. And it was further agreed by the plaintiff and the defendants, that the delivery of the material should be commenced at such time and *carried on in such quantities*, and delivered at such points as should be directed by the engineer."

It was also provided that if the plaintiff failed to deliver, the defendants should have the power to purchase such quantity of material as might be necessary to fulfill the contract, or such part as the engineer might deem necessary.

It will be perceived that the quantities named in the specifications are estimates only, and might be enlarged by the proper requisitions ; they were, in fact, increased beyond the estimate, and the bills for them paid without objection. They were still increased, and the plaintiff, yielding to the case under the contract, delivered upon the requisitions made, which it is conceded were all regular. The property thus obtained from the plaintiff, was used for the objects contemplated by the contract, when it was entered into, and there is, therefore, no charge of fraud or collusion.

The case finds no elucidation from adjudication on the subject of what is embraced within the words " more or less," because the defendants enlarged their signification, both by the acts of their officers, and the satisfaction of such acts which resulted from the payment for the quantities in excess, delivered, and the plaintiff assented. There was no dispute.

The quantity, as suggested, was an estimate only ; and, clearly, the plaintiff would be bound, under the contract, to deliver all that was necessary to fulfill his contract, or such part thereof as the engineer might deem necessary.

The contract provided for disputes as follows : To prevent all disputes and litigation, it is further agreed by and between the parties to this contract, that the said engineer shall in all cases determine the amount or the quantity of material which is to be paid for under this contract ; and he shall determine all questions as to the quality and dimensions of the same ; and he shall in all cases decide

every question which may arise relative to the execution of this contract on the part of said contractor; and his estimates and decision shall be final and conclusive.

And for the various quantities delivered the plaintiff had the certificate of the engineer, and that of the commissioners of the department of docks and of the department of public works, in reference to these additional quantities lawfully employed in the service of the city. The defendants, acting on the proposition that the plaintiff was called upon to deliver under the contract, made through the departments the requisitions upon him, and they were complied with. The plaintiff did not dispute this interpretation; and now the property having been delivered, received and appropriated under a binding contract, still in *esse* it was supposed, the defendants seek, by a narrow construction of the words "more or less," to avoid payment for the materials thus obtained and used.

We know of no principle which prevents the delivery of materials under the words "more or less" which the parties regard within its operation. If the contract were between individuals there could be no dispute about it.

The same rule must apply to the defendants in the absence of fraud, and in the presence of the fact that the property delivered was in fact used by them.

The doctrine of *ultra vires* does not apply, because there was a contract under which the property was demanded and delivered. The terms of the contract made the agents of the defendants the arbiters as to the quantities to be delivered, and protected them in all respects against a failure on the part of the plaintiff to deliver, and further, against all disputes, by arranging the manner, if any arose, in which they should be settled.

It cannot be said that there was no contract in relation to the property delivered. It is said, however, that the contract had expired by its own terms, but this does not appear. It was general in its character. It called for certain materials for general use and in quasi estimated quantities, but contemplated the delivery of more than the estimate, and more in fact was required by the defendants. The delivery under the contract must be regarded therefore as advantageous to the city as to prices, and as the property was necessary for

the requirements of the city, for such we must assume it to have been, it cannot be said that the contract expired by its own limitation.

The defendants extended it, and the plaintiff acquiesced. In the absence of fraud, we think this construction of the dealings under the contract is just and fair and fully warranted by the application of the rights and obligations of the parties to the contract, all its covenants and conditions being duly considered. This case is not controlled by the decision in *McDonald* v. *The Mayor* (4 N. Y. S. C. [T. & C.], 178), or *Bigler* v. *The Mayor* (6 Hun, 239), or by the decision of this court in *Bigler* v. *The Mayor*, when last before this court. In the former case there was no existing contract; indeed no contract had been executed or made in reference to the materials delivered, and in the latter case the claim was for a balance due for lumber and timber delivered to the department of docks, and in which the defense set up was not only that the materials delivered were not in conformity to the contract, but were of an inferior quality; and further, that the plaintiff fraudulently caused them to be certified to be such as were called for by the contract. The honesty of the claim herein is not assailed. It is not shown or asserted that the materials were not such as were contemplated, nor is it denied that they were used by the city.

The demand seems to be justly due on the facts disclosed, and should be paid.

Judgment affirmed, with costs.

Davis, P. J., and Daniels, J., concurred.

Judgment affirmed, with costs.